SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY AND COUNTY OF SAN FRANCISCO; ELIAS GEORGOPOULOS; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMJAD ABUDIAB

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: CGC-09-486719

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph S. May, Law Office of Joseph S. May
22 Battery Street, Suite 810, San Francisco, California 94111    Telephone: (415) 781-3333

DATE: MAR 27 2009    Gordon Park-Li, Clerk, by P. NATT, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Joseph S. May    SBN 245924
LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite [CASE MANAGEMENT CONFERENCE SET]
San Francisco, CA 94111
Telephone (415) 781-3333
Facsimile (415) 398-1414

AUG 2 8 2009 - 9:00 AM

DEPARTMENT 212

SUMMONS ISSUED
**FILED**
San Francisco County Superior Court

MAR 27 2009

GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk
P. NATT

Attorney for Plaintiff
AMJAD ABUDIAB

IN THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| AMJAD ABUDIAB,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; ELIAS GEORGOPOULOS; and DOES 1-20, inclusive.<br><br>Defendants. | CASE NO.:<br><br>**CGC-09-486719**<br><br>COMPLAINT FOR DAMAGES FOR ASSAULT, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING/RETENTION, FOURTH AMENDMENT VIOLATION [42 U.S.C. §1983], AND DEMAND FOR JURY TRIAL |

## GENERAL ALLEGATIONS

1. Plaintiff AMJAD ABUDIAB (hereafter "PLAINTIFF") is, and at all times herein mentioned was a resident of San Mateo County, California.

2. On information and belief, Defendant ELIAS GEORGOPOULOS (hereafter "GEORGOPOULOS") is, and at all times herein mentioned was a resident of San Francisco County, California, and/or conducting business in San Francisco County, California.

3. Defendant GEORGOPOULOS is, and at all times mentioned herein was a traffic control officer employed by Defendant CITY AND COUNTY OF SAN FRANCISCO (hereafter "SAN FRANCISCO"), and is being sued herein in his individual capacity.

4. Defendants DOE 1 through DOE 20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. When their true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged,

1

COMPLAINT FOR DAMAGES

and that PLAINTIFF's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

6. On or about May 6, 2008, GEORGOPOULOS, while on duty, exhibited aggressive and threatening behavior toward PLAINTIFF, while both were in their vehicles in San Francisco's Marina District. GEORGOPOULOS threatened violence against PLAINTIFF, prompting PLAINTIFF to call the San Francisco Police. The situation was diffused by the police officers on the scene, and PLAINTIFF and GEORGOPOULOS each went their separate way.

7. A short while after the encounter, PLAINTIFF went to the Taco Bell restaurant located at 2101 Lombard Street, in San Francisco, where GEORGOPOULOS was coincidentally present.

8. When PLAINTIFF attempted to leave the restaurant, GEORGOPOULOS pushed PLAINTIFF, and followed him outside of the restaurant, pushing, pepper spraying, and hitting PLAINTIFF repeatedly.

9. San Francisco police officers arrived at the scene responding to a call for assistance. GEORGOPOULOS signed a Citizen's Arrest Form against PLAINTIFF, upon which PLAINTIFF was charged with battery on a Traffic Control Officer. Said charges were dismissed, such dismissal being a final determination of said charges.

10. On October 10, 2008, PLAINTIFF submitted a timely claim against Defendants, in accordance with Section 910 *et seq.* of the California Government Code.

11. On December 12, 2008 said claim was denied.

### FIRST CAUSE OF ACTION – ASSAULT (AGAINST ALL DEFENDANTS)

12. PLAINTIFF refers to paragraphs 1-11 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

2

COMPLAINT FOR DAMAGES

13. On May 6, 2008, in the City and County of San Francisco, GEORGOPOULOS pushed PLAINTIFF repeatedly as PLAINTIFF was retreating and walking away from GEORGOPOULOS, and used pepper spray on PLAINTIFF, and struck PLAINTIFF in and about the head and face.

14. In doing the acts alleged above, GEORGOPOULOS intended to cause, or to place PLAINTIFF in apprehension of a harmful contact with PLAINTIFF's person.

15. As a result of GEORGOPOULOS's acts as alleged above, PLAINTIFF, in fact, was placed in great apprehension of a harmful contact with PLAINTIFF's person.

16. In doing the things alleged herein GEORGOPOULOS was acting in the course and scope of his employment as a parking control officer for Defendant SAN FRANCISCO.

17. Defendant SAN FRANCISCO ratified the above described acts of its employee, Defendant GEORGOPOULOS.

18. The aforementioned conduct of GEORGOPOULOS was willful and malicious and was intended to oppress and cause injury to PLAINTIFF, entitling PLAINTIFF to punitive damages.

19. At no time did PLAINTIFF consent to the acts of GEORGOPOULOS herein alleged.

20. As a direct and proximate result of Defendant GEORGOPOULOS's conduct herein alleged, PLAINTIFF has suffered damages in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION – BATTERY
## (AGAINST ALL DEFENDANTS)

21. PLAINTIFF refers to paragraphs 1-20 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

22. On May 6, 2008, in the City and County of San Francisco, Defendant GEORGOPOULOS pushed PLAINTIFF repeatedly as PLAINTIFF was retreating and walking away from GEORGOPOULOS, and used pepper spray on PLAINTIFF, and struck PLAINTIFF in and about the head and face.

23. In doing the acts alleged above, GEORGOPOULOS acted with the intent to make a contact with PLAINTIFF's person.

24. At no time did PLAINTIFF consent to any of the acts of GEORGOPOULOS alleged herein.

25. In doing the things alleged herein Defendant GEORGOPOULOS was acting in the course and scope of his employment as a parking control officer for Defendant SAN FRANCISCO.

26. Defendant SAN FRANCISCO ratified the above mentioned acts of its employee, Defendant GEORGOPOULOS.

27. The aforementioned conduct of GEORGOPOULOS was willful and malicious and was intended to oppress and cause injury to PLAINTIFF, entitling PLAINTIFF to punitive damages.

28. As a direct and proximate result of Defendant GEORGOPOULOS's conduct herein alleged, PLAINTIFF has suffered damages in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL DEFENDANTS)

29. PLAINTIFF refers to paragraphs 1-28 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

30. On May 6, 2008, Defendant GEORGOPOULOS pushed, struck, and used pepper spray repeatedly on PLAINTIFF with no provocation and despite the fact that PLAINTIFF was submissive, passive, and even trying to walk away from GEORGOPOULOS.

31. The conduct on the part of GEORGOPOULOS described above was outrageous, willful, malicious, and done for the purpose of causing PLAINTIFF to suffer humiliation, mental anguish, and emotional and physical distress.

32. As a direct and proximate result of GEORGOPOULOS's conduct, PLAINTIFF suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, all to PLAINTIFF's damage, in an amount according to proof at trial.

33. The acts of GEORGOPOULOS were done in the course and scope of his employment as a parking control officer with Defendant SAN FRANCISCO.

34. Defendant SAN FRANCISCO ratified the acts of its employee, Defendant GEORGOPOULOS.

35. The acts of GEORGOPOULOS alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION – NEGLIGENT HIRING/RETENTION (AGAINST DEFENDANT SAN FRANCISCO)

36. PLAINTIFF refers to paragraphs 1-35 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

37. DEFENDANT SAN FRANCISCO owes a duty to individuals residing and/or working in San Francisco to refrain from hiring, or from retaining after hiring, employees who are reasonably likely to place the public in danger or subject them to harm.

38. PLAINTIFF is informed and believes, and thereon alleges, that Defendant GEORGOPOULOS has, prior to May 6, 2008, committed an act or acts of violence against others, or otherwise had a propensity for committing violent acts.

39. PLAINTIFF is informed and believes, and thereon alleges, that Defendant SAN FRANCISCO knew or should have known about Defendant GEORGOPOULOS's previous commissions of violent acts and/or his propensity to commit such acts.

40. Defendant SAN FRANCISCO breached its aforementioned duty by hiring and/or retaining Defendant GEORGOPOULOS as an employee despite actual or constructive knowledge of GEORGOPOULOS's violent acts and/or propensity for such acts.

41. As a direct and proximate result of Defendant SAN FRANCISCO's above-described breach, PLAINTIFF has been damaged in an amount according to proof.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION –
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS [42 U.S.C. §1983]
## (AGAINST ALL DEFENDANTS)

42. PLAINTIFF refers to paragraphs 1-41 of this Complaint and incorporates by reference the allegations of said paragraphs as though set forth at length at this point.

43. This cause of action is brought pursuant to 42 U.S.C. §1983

44. All of the actions taken by Defendants as herein alleged, were done under the color of state law.

45. Defendant GEORGOPOULOS's actions alleged herein constituted a seizure of PLAINTIFF.

46. Defendant GEORGOPOULOS's actions alleged herein deprived the PLAINTIFF of his right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

47. PLAINTIFF is informed and believes and thereon alleges that Defendant SAN FRANCISCO routinely, and as a matter of policy, failed to adequately train its parking control officers regarding use of force.

48. SAN FRANCISCO was deliberately indifferent as to the consequences of failing to adequately train its parking control officers, which consequences include the deprivation of the Constitutional Rights of PLAINTIFF and others similarly situated.

49. As a direct and proximate result of Defendants' conduct, PLAINTIFF suffered damages in an amount according to proof at trial.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## PRAYER

WHEREFORE, PLAINTIFF prays judgment against Defendants, jointly and severally, for all causes of action, as follows:

1. For compensatory damages, in an amount according to proof at trial;
2. For punitive damages, in an amount to be determined at trial;
3. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

6

4. For costs of suit incurred in this action;

5. For such other and further relief as the Court deems proper.

PLAINTIFF hereby demands trial by jury.

DATED: March 27, 2009

LAW OFFICE OF JOSEPH S. MAY

JOSEPH S. MAY, attorney for Plaintiff
AMJAD ABUDIAB

COMPLAINT FOR DAMAGES