CITY AND COUNTY OF SAN FRANCISCO                     OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA  
City Attorney

BLAKE P. LOEBS  
Deputy City Attorney

DIRECT DIAL:  (415) 554-3868  
E-MAIL:        blake.loebs@sfgov.org

October 1, 2009

Judge Marilyn H. Patel  
United States District Court  
450 Golden Gate Avenue  
Courtroom 15, 18th Floor  
San Francisco, CA

Re:   *Amjad Abudiab v. City and County of San Francisco*  
       United States District Court Case No. C09-01778 MHP

      Request for Clarification of Court's Order Dated August 10, 2009

Dear Judge Patel:

      This is a joint letter in which both Defendants and Plaintiffs seek clarification of this Court's order of August 10, 2009 regarding the Court's pre-settlement conference limitations on discovery.  At issue is whether the Court limited all the parties' pre-settlement conference discovery to two depositions or whether the Court was permitting all other discovery, and limiting the number of depositions that could be taken to two.

      The following is Defendants' view of this issue.

      At the August 10, 2009 case management conference for this case, the Court stated that discovery in this matter was limited to allowing Plaintiff to depose Mr. Georgopoulos (the main individual defendant) and to allowing Defendants to depose Plaintiff and "that would be it." (Exhibit A, p. 6-7 transcript of hearing).  The Court stated that it was "not going to entertain any motions or anything else" at this time and ordered the parties to attend a settlement conference after the completion of the deposition.  The Court also stated that it is "not going to have this litigation multiply."  Defendants interpreted the Court's order to limit all discovery at this time to just the two depositions, so as to prevent the attorney's fees in this case from interfering with a possible settlement.  Attached as Exhibit B is a copy of this Court's minute order.

      After the hearing, however, Plaintiff issued 24 requests for documents, many of which seek documents that are very private and have nothing to do with the incident that is the subject of this litigation.  Defendants will be objecting to a majority of these requests on other grounds.  Plaintiff also noticed the deposition of Mr. Georgopoulos to occur after the date the documents are due.  Upon receipt of the document request, Defendants immediately raised the issue with Plaintiff's counsel informing him that, in Defendants' view, the Court had limited discovery (at this point) to just the two depositions.  Plaintiff's counsel disagreed, stating that in his view, the Court's order only pertained to the number of depositions that could be taken and that all other forms of discovery were permissible.  Defendants have taken Plaintiff's deposition and the one document request that accompanied his deposition notice was a request for photographs, of which he had none.

FOX PLAZA · 1390 MARKET STREET, 7TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408  
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

n:\lit\li2009\091138\00584729.doc

CITY AND COUNTY OF SAN FRANCISCO     OFFICE OF THE CITY ATTORNEY

Letter to Judge Marilyn H. Patel
October 1, 2009
Page 2

    This is a simple case involving a fight between a parking control officer and a limousine driver in which there are very limited damages. Defendants see Plaintiff's document request as attempting to expand this litigation and run up the attorney's fees prior to the court ordered settlement conference, and thus seek clarification of the Court's order in this respect. Defendants' response to Plaintiff's document request is due on October 5, 2009.

    The following is Plaintiff's view of this issue:

    At the August 10, 2009 CMC, the Court allowed each party to take one deposition and then proceed to a settlement conference. The Court did not restrict or limit written discovery. Plaintiff believes that his request for documents (the only written discovery propounded) is necessary in order to effectively depose Sgt. Georgopoulos. (It should be noted that the City requested that documents be produced by Plaintiff at his August 5th deposition.)

    If this case has any hope of early settlement, Plaintiff will need to review documents and depose Sgt. Georgopoulos on all potentially relevant issues, including other incidents of violence and the City's knowledge thereof (Plaintiff has reliable evidence regarding at least five other incidents). Despite Defendant's contention that responding to one set of requests for documents will "expand this litigation and run up the attorney's fees," Plaintiff maintains that a meaningful, good-faith settlement conference, conducted after a reasonable exchange of pertinent information, may actually enable an early settlement – a far better way to keep the attorneys' fees down.

    Thank you for your consideration of this request.

| Very truly yours, | Very truly yours, |
|---|---|
| DENNIS J. HERRERA<br>City Attorney | |
| s/*Blake P. Loebs* | s/*Joseph S. May* |
| BLAKE P. LOEBS, ESQ.<br>Counsel for Defendants | JOSEPH S. MAY, ESQ.<br>Counsel for Plaintiff AMJAD ABUDIAB |

**10/2/2009**

Plaintiff is limited to 5 document requests including subparts prior to the settlement conference. The same limit is placed on defendant.

**IT IS SO ORDERED.**

*[Seal of United States District Court, Northern District of California, with signature of Marilyn H. Patel and "IT IS SO ORDERED"]*