UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMJAD ABUDIAB,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; ELIAS GEORGOPULOS; ANTONIO PARRA; and DOES 1-20, inclusive<br><br>          Defendants. | No. C 09-1778 MHP<br><br>**MEMORANDUM AND ORDER**<br><br>**Re: Motion to lift or modify gag orders** |

Amjad Abudiab ("plaintiff"), a limousine driver, brought suit against Elias Georgopoulos and the City and County of San Francisco ("City") (collectively "defendants") alleging assault, battery, intentional infliction of emotional distress and two causes of action under 42 U.S.C. section 1983. Docket No. 29 (Loebs Dec.), Exh. A (Complaint). Before the court is plaintiff's motion to lift or modify oral gag orders regarding communication with the press allegedly issued by this court. Because this court issued no such orders, defendant's motion is unnecessary. For the reasons discussed below, the court enters the following memorandum and order.

This case, which has been pending for nearly two years, involves claims against a Senior Parking Control Officer of the San Francisco Municipal Transit Authority and the City and County of San Francisco for civil rights and state law violations, including assault and battery. The litigation has been disrupted by unnecessary or meritless motions, an inordinate amount of correspondence to the court and other activities diverting the parties and the court from reaching the merits of the case.

The court now has before it plaintiff's motion to lift or modify gag orders. Plaintiff mistakenly asserts that this court has issued two oral gag orders prohibiting plaintiff and his attorney from communicating with the press. He argues that these orders allegedly are vague, overbroad, and pose unconstitutional prior restraints on the First Amendment rights of plaintiff and his attorney. Plaintiff claims that this motion is necessitated by defendants' gross, deliberate misrepresentations about the conduct of plaintiff's counsel in an attempt to discredit plaintiff and his attorney, obfuscate the otherwise narrow issues in this case, wear down plaintiff's resources, and expose plaintiff and his attorney to sanctions, contempt orders, and potentially other negative actions.

Plaintiff is incorrect in asserting that this court issued two oral gag orders regarding communications with the press. The record contradicts plaintiff's assertion. During the April 5, 2010 proceeding cited in plaintiff's motion, no gag order was issued. Motion, Exh. A (April 5 proceeding) at 11-13. Similarly, during the May 28, 2010 proceeding, no gag order was issued. *Id*. at Exh. B (May 28 proceeding). During each of these proceedings, this court simply advised plaintiff's counsel that the appropriate place to try this case is in the courtroom, not in the press. Motion, Exh. A at 11-13, Exh. B. This court considers this, as most judges would, to be wise advice. The court expects counsel to act with prudence and professionalism in pursuing the interests of their clients.

For the foregoing reasons, plaintiff's motion is wholly unnecessary. The court further advises all counsel in this action to refrain from the filing of improvident motions, sending unnecessary correspondence to the court and filling the record with other trumpery. Instead they shall devote themselves to the merits of this case and move it forward expeditiously. The court, therefore, dismisses the motion as unworthy of attention.

Dated: March 4, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California