IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMJAD ABUDIAB,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C 09-01778 JSW

**ORDER REGARDING MOTIONS FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Now before the Court are the motions for leave to file motions for reconsideration filed by Plaintiff Amjad Abudiab and by Defendants the City and County of San Francisco (the "City"), Elias Georgopolis and Antonio Para (collectively, "Defendants") regarding the Court's order on Defendants' motion for summary judgment.

Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

The Court GRANTS Plaintiff's motion for leave to file a motion for reconsideration.

The Court GRANTS IN PART and DENIES IN PART the Defendants' motion for leave to file a motion for reconsideration. However, because Defendants sufficiently addressed the issues in their motion, with one exception, the Court will construe their motion for leave as a substantive motion for reconsideration and hereby rules as follows:

Defendants argue that the Court reached inconsistent conclusions with respect to whether Georgopoulos was a "peace officer" under California law. The Court agrees that the inclusion of the sentence "For the reasons set forth herein the court rejects defendants' contention that Georgopoulos was not a peace officer" appears confusing in light of the Court's earlier statement that it was undisputed that Georgopoulus is not a peace officer. Therefore, the Court hereby strikes this sentence from its Order on Defendants' motion for summary judgment. However, this alteration does not change the substance of the Court's findings, including that there is a question of material fact whether Plaintiffs' words were fighting words.

Defendants argue that the Court incorrectly states that "Defendant PCO does not claim that the pepper spray was used in self-defense." Based on that statement, Defendants contend that the Court fundamentally misunderstood their entire case. Although the Court agrees this statement regarding the concession may and shall be struck from the Court's order, the Court understood and rejected Defendants' argument that summary judgment should be granted because Georgopoulus was acting in self-defense.

Defendants argue that the Court erroneously found that they conceded that Georgopoulus was authorized to use limited force against the public and that the Court erroneously applied the Fourth Amendment instead of the Fourteenth Amendment to Plaintiff's excessive force claim. Although the Court agrees that the statement that Defendants conceded that Georgopoulus was authorized to use limited force against the public may and shall be struck from the Court's order, this alteration does not change the Court's conclusion that material questions of fact preclude the issuance of summary judgment on Plaintiff's excessive force claim.

Defendants also argue that the Court incorrectly found that California Government Code § 945.4 does not apply to claims against individuals. Based on *Leake v. Wu*, 64 Cal. App. 3d

2

1  668, 670-71 (1976), Defendants appear to be correct.  Therefore, the Court GRANTS

2  Defendants' motion for leave to file a motion for reconsideration and will allow Defendants to

3  file a motion for reconsideration on this one point.

4    The remainder of Defendants' motion consists of merely repeating arguments that they

5  already made in their motion for summary judgment and were rejected by the Court.  Pursuant

6  to N.D. Civ. L.R. 7-9(c), Defendants may not reargue any written or oral argument previously

7  asserted to the Court.  Accordingly, the Court DENIES the remainder of their motion for leave

8  to file a motion for reconsideration.

9    **IT IS SO ORDERED.**

11  Dated:   September 7, 2011

                JEFFREY S. WHITE
                UNITED STATES DISTRICT JUDGE