IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMJAD ABUDIAB,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C 09-01778 JSW

**ORDER REGARDING MOTIONS FOR RECONSIDERATION**

Now before the Court are the motions for reconsideration filed by Plaintiff Amjad Abudiab ("Plaintiff") and by Defendants the City and County of San Francisco (the "City"), Elias Georgopoulos ("Georgopoulos") and Antonio Para (collectively, "Defendants") regarding the Court's order on Defendants' motion for summary judgment. This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 16, 2011 is VACATED.

Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive

legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Plaintiff moves for reconsideration on three points. First, Plaintiff moves the Court to reconsider its conclusion that Georgopoulos was entitled to qualified immunity on Plaintiff's excessive force Fourth Amendment claim. The Court finds that Plaintiff fails to demonstrate that its conclusion was incorrect and, thus, declines to reconsider this ruling. Moreover, upon further consideration of Defendants' authority regarding the seizure requirement for Fourth Amendment claims, the Court notes that it is not clear whether Georgopoulos' alleged excessive force should have been analyzed under the Fourth Amendment, as opposed to the Fourteenth Amendment. Regardless, the Court affirms its ruling that the law was not clearly established that a parking control officer in Georgopoulos' position using unreasonable force violates the Fourth Amendment. Accordingly, the Court DENIES Plaintiff's motion for reconsideration of qualified immunity on his Fourth Amendment excessive force claim.

Second, Plaintiff moves the Court to reconsider its holding that his claim against the City, based on an alleged First Amendment violation under California Civil Code § 52.1, failed as a matter of law. Plaintiff argues that the Court failed to consider that Plaintiff filed a proper government claim. However, Plaintiff made the same argument in opposition to Defendants' summary judgment. The Court considered and rejected his argument. Upon examination of Plaintiff's claim, he merely states that after Georgepoulus shouted "F- - k you" and "you don't know how to drive," Plaintiff yelled back. Plaintiff does not give any indication that Plaintiff criticized how Georgopoulus was conducting his job. Nor does Plaintiff's statement of facts in his claim provide any indication that later that day, when the two saw each other at a restaurant and Georgopoulos sprayed him with pepper spray, that Georgopoulos was retaliating against Plaintiff for his criticisms earlier that day. From reading Plaintiff's claim, the City would not be on notice of Plaintiff's First Amendment retaliation claim under § 52.1. Accordingly, the Court DENIES Plaintiff's motion for reconsideration of this claim.

Third, Plaintiff moves for reconsideration of Plaintiff's *Monell* claims. Defendants had moved for summary judgment on Plaintiff's *Monell* claims on the grounds that Plaintiff's

2

constitutional claims all failed. Because the Court did not grant summary judgment on all of Plaintiff's constitutional claims against Georgopoulos, Defendants do not oppose Plaintiff's motion for reconsideration on this point. The Court concurs that summary judgment should not have been granted on Plaintiff's *Monell* claims against the City. Accordingly, the Court GRANTS Plaintiff's motion for reconsideration on this point and reverses its ruling on Plaintiff's *Monell* claims.

The Court only permitted Defendants to file a motion for reconsideration on one point, that summary judgment on Plaintiff's § 52.1 claim predicated on Defendants' alleged First Amendment violation should have been granted against the individual defendants as well. It is undisputed that, under California law, the claims requirement applies to individual defendants as well as the public entity. Accordingly, the Court GRANTS Defendants' motion for reconsideration and reverses its ruling on Plaintiff's § 52.1 claim against Georgopoulos predicated on Defendants' alleged First Amendment violation.

**IT IS SO ORDERED.**

Dated: December 8, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE