Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 781-3333
Facsimile (415) 398-1410
joseph@josephmaylaw.com

Attorney for Plaintiff
AMJAD ABUDIAB

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMJAD ABUDIAB,<br><br>              Plaintiff,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; ELIAS GEORGOPOULOS; ANTONIO PARRA; and DOES 1-20, inclusive.<br><br>              Defendants. | CASE NO.: C09-01778-JSW<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO CERTIFY AS FRIVOLOUS DEFENDANT ELIAS GEORGOPOULOS'S UNTIMELY NOTICE OF APPEAL OF ORDER ON DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    March 30, 2012<br>Time:    9:00 a.m.<br>Place:   Courtroom 11, 19th Floor<br><br>Action Filed:   March 27, 2009<br>Trial Date:     July 9, 2012 |

   Plaintiff Rogelio Hechavarria submits the following reply to Defendant's opposition to Plaintiff's motion to certify Defendant's appeal as frivolous.

   Defendant's appeal is of the Court's order on the parties' motions for reconsideration, not from the June 20, 2011 order on the Defendants' second motion for summary judgment. There were no appealable issues in the Court's order on the parties' motions for reconsideration, and therefore the Defendant's appeal of that order will ultimately be dismissed. To be sure, the Ninth Circuit has already ordered Defendant to move for voluntary dismissal of his appeal or show cause why it should not be dismissed for lack of jurisdiction. *See* Exhibit A (Judicial Notice Requested).

**ARGUMENT**

Defendant Elias Georgopoulos filed a notice of appeal on December 13, 2011 "from an order, issued in this action on the 8th day of December 2011 . . . ." (Dkt. No. 175.) The order issued in this action on December 8, 2011 was the Court's order granting in part and denying in part the parties' motions for reconsideration of the Court's June 20, 2011 order on the Defendants' third motion for summary judgment. Defendant mistakenly asserts, however, in his opposition, that he "filed its [sic] notice of appeal of the denial of qualified immunity on December 13, 2011. (Dkt. 181, at 1:24-25.)

Defendant concedes in his notice of appeal and his opposition that his motion for reconsideration should be treated as a motion made under FRCP 60 for relief from judgment. (Dkt. No. 175, 2:17-19; Dkt. No. 181:23-26.) "An appeal from the denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991), citing *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989). The order from which Defendant has appealed grants Defendant's motion for reconsideration and denies Plaintiff's motion for reconsideration on two grounds, and grants Plaintiff's motion for reconsideration as to the *Monell* claim that the Court erroneously dismissed, which issue was not contested by Defendants. Therefore, there was nothing contained in the order on the motions for reconsideration that Defendant could even appeal, let alone appeal successfully. Moreover, the Court's order on the motions for reconsideration was not a final judgment, nor was it otherwise immediately appealable as it did not deny Defendant qualified immunity. This is precisely why the Ninth Circuit has *sua sponte* demanded that Defendant dismiss his appeal or show cause.

Defendant contends that *Shapiro v. Paradise Valley Unified School District No. 69*, 374 F.3d 857 (9th Cir. 2004) is controlling and that Plaintiff has tried to mislead the Court by not addressing it. In *Shapiro*, an order determining that the Shapiros were the prevailing parties was filed August 7, 2002. 374 F.3d at 862. The Shapiros filed a motion for partial reconsideration on August 12, 2002. *Id*. at 862-63. The order granting the motion for reconsideration was filed on

September 3, 2002. *Id*. at 863. The Shapiros filed a notice of appeal on September 5, 2002, "stating that they were appealing the August 7, 2002, [underlying] order." *Id*. Unlike the Shapiros, Defendant has filed a notice of appeal of the order on the motion for reconsideration, not the underlying order. Because this was not an appealable order, it will likely be dismissed by the appellate court.

For these reasons, and all the reasons set forth in Plaintiff's moving papers, the Court should certify Defendant's appeal as frivolous and allow this case to proceed to trial as currently scheduled.

DATED: January 17, 2012     LAW OFFICE OF JOSEPH S. MAY

*/s/ Joseph S. May*
JOSEPH S. MAY, Attorney for Plaintiff
AMJAD ABUDIAB